IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DONALD McKENRICK,<br><br>Defendant. | Cause No. CR 08-07-GF-BMM<br><br><br><br>ORDER |

Defendant McKenrick moves the Court for compassionate release under 18 U.S.C. § 3582(c)(1)(A) in light of the COVID-19 outbreak.  He is currently serving a 192-month sentence for federal drug offenses.  *See* Judgment (Doc. 98).  His projected release date is September 9, 2021.  *See* Inmate Locator, www.bop.gov/inmateloc (accessed August 5, 2020).

McKenrick is incarcerated at FMC Devens, Massachusetts.  As of August 5, 2020, one inmate and one staff member have COVID-19.  Fifty inmates and six staff members have recovered, but two inmates died.  *See* Interactive Map, www.bop.gov/coronavirus (accessed August 5, 2020).  As the facility is a Federal Medical Center, these figures do not necessarily suggest that staff were unsuccessful in controlling the virus's spread.

1

After considering the sentencing factors in 18 U.S.C. § 3553(a), the Court may reduce McKenrick's sentence if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *see also* U.S.S.G. § 1B1.13(1)(A). Any reduction must be consistent with the corresponding policy statement in the Sentencing Guidelines. *See* 28 U.S.C. § 994(a)(2)(C), (t); U.S.S.G. § 1B1.13(3) (Nov. 1, 2018).[1]

A defendant's medical condition may constitute an "extraordinary and compelling reason." *See* U.S.S.G. § 1B1.13 cmt. n.1(A); ; *see also* U.S.S.G. § 1B1.13(1)(A). The defendant need not have a terminal illness. A "serious physical or medical condition," "serious functional or cognitive impairment," or "deteriorating physical or mental health because of the aging process" may constitute an "extraordinary and compelling reason" for release. *See* U.S.S.G. § 1B1.13 cmt. n.1(A). The guideline also requires evidence that the defendant's condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility" and is something "from which he or she is not expected to recover." *See id*.

---

[1] The Court disregards the guideline's statements requiring a motion from the Director of the Bureau of Prisons because that requirement is now "contrary to the statute." *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 844 (1984); 18 U.S.C. § 3582(c)(1)(A) (authorizing court to act "upon motion of the defendant"); First Step Act of 2018, Pub. L. No. 115-391, tit. VI, § 603(b)(1), 132 Stat. 5194, 5239 (Dec. 21, 2018); *United States v. Wong*, 2 F.3d 927, 929–30 (9th Cir. 1993).

McKenrick is held at a medical center because, according to a prison physician,[2] he has "multiple chronic maladies and is permanently designated" to a medical facility "which in and of itself constitutes a diminished ability to function in a correctional environment." Medical Summary (Doc. 180-1) at 1. Among other things, he underwent a second kidney transplant in 2015, and he has chronic myeloid leukemia ("CML"). The physician notes he cannot "predict the mortality of a patient who has both a transplanted kidney and CML." *Id.* at 2. On the other hand, the physician also notes that McKenrick "is independent with all of his activities of daily living and requires no assistive devices." *Id.*

The physician's note is clear enough to support a finding that McKenrick has serious medical conditions that diminish his ability to provide self-care in prison and from which he is not expected to recover.

The next question is whether McKenrick is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Section 3142(g) requires the Court to consider, among other things, "the nature and circumstances of the offense" of conviction and "the history and characteristics of the person, including . . . the person's character [and] physical . .

---

[2] The document is hearsay, but the United States' filing of it waives any objection to the Court's considering it.

. condition." 18 U.S.C. § 3142(g)(1), (3)(A). McKenrick does not provide many facts to assist the Court in assessing these concerns. However, the presentence report indicates that McKenrick's offense involved no firearms or violence. His sentence was based solely on drug quantity and his prior felony drug conviction. For that prior conviction, however, he received a five-year deferred sentence. In fact, it appears he had never been sentenced to prison or jail before he received 192 months for the present offense. He was sentenced on four occasions, all sentences were suspended, and—with the notable exception of committing the present offense—he evidently complied with the conditions imposed. *See* Presentence Report ¶¶ 29–32. The United States argues that McKenrick should serve the full sentence, *see* Resp. Br. (Doc. 181) at 16, but its argument is based on generalities, as McKenrick's is.

McKenrick shows an extraordinary and compelling reason to reduce his sentence to time served. The slender evidence before the Court does not support an inference that he will pose a danger to the community. Reducing his 192-month sentence by about 14 months is consistent with the objectives of federal sentencing described in 18 U.S.C. § 3553(a). He is entitled to release.

Accordingly, **IT IS HEREBY ORDERED**:

1. McKenrick's motion for compassionate release under 18 U.S.C.

§ 3582(c)(1)(A) (Doc. 177) is **GRANTED**.

2. As of the date of this Order, McKenrick's previously imposed sentence of imprisonment of 192 months is **REDUCED** to time served.

3. This Order is **STAYED** for up to fourteen days, to allow the United States Probation Office time to verify McKenrick's residence and/or establish a release plan, with preference for placement in a pre-release center or home confinement; to make appropriate travel arrangements; and to ensure McKenrick's safe release. McKenrick shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for McKenrick to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure McKenrick's safe release, the parties shall immediately notify the Court and show cause why the stay should be extended.

4. The United States Probation Office and the parties shall propose modified conditions of supervised release for the Court's review.

6. McKenrick must provide the Court with the complete address where he will reside upon release.

7. The United States must ensure McKenrick is closely monitored for any signs of COVID-19 and must immediately advise counsel, the Court, and the

United States Probation Office should McKenrick become ill or test positive for the virus or the disease before his release.

DATED this 5th day of August, 2020.

*[signature: Brian Morris]*

Brian Morris, Chief District Judge
United States District Court